# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMANTHA NICOLE HOUSTON GOODALE, also known as Samantha
Nichole Houston Goodale,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1212-8

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Samantha Goodale has been charged with conspiring to possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. She appeals the district court's denial of her motion to revoke the magistrate judge's order of detention pending her trial. Goodale contends that the district court erred in failing to conduct a de

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50420

novo review of the magistrate judge's detention order and in concluding that she is a flight risk and a danger to the community.

The record establishes that the district court did in fact review the magistrate judge's detention order de novo. *See United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992). And there is evidentiary support for the district court's de novo determination that no conditions exist that would reasonably assure Goodale's appearance at trial in the form of her history of crime and drug abuse, her tenuous community connections, the strength of the evidence against her, and her potential prison sentence of ten years to life. *See id.* at 586; 18 U.S.C. §§ 3142(e)-(g), 3145(b). Even if a trial judge could have reasonably come to the opposite conclusion when viewing the question as an original matter, the abuse-of-discretion standard of appellate review requires us to defer to the district court's also reasonable denial of Goodale's request for release pending trial. *See United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).

AFFIRMED.